92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James P. GOGGIN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-5411, 95-6264.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, James P. Goggin, appeals the damages awarded him in a judgment under the Federal Tort Claims Act ("FTCA") after a trial by the court and the post-judgment order denying his motion to alter or amend. He claims the damages were inadequate. For reasons stated herein, we AFFIRM.
 
 I.
 
 2
 In 1980 while smuggling drugs in South America, Goggin severely injured his right ankle when the plane he was piloting crashed. In 1985 he won an amateur "aerobatics" competition at the "advanced" level. Also that year, he was arrested while smuggling cocaine. He was convicted of conspiracy to import cocaine and sentenced to twenty years of incarceration. In 1988 an orthopedic surgeon found that Goggin had lost two-thirds of the motion in his right ankle due to the 1980 crash. No physician limited Goggin's physical activity, however, and Goggin led a physically active lifestyle.
 
 
 3
 On Sunday, October 22, 1989, Goggin sprained his right ankle in a softball game at the federal prison in Memphis. On Monday, October 23, he worked in the prison accounting office. On Tuesday, October 24, he visited a prison physician's assistant ("PA"). The PA examined him, performed an x-ray on his ankle, noted his previous injury to that ankle, prescribed bed rest and Motrin, and instructed him to return for another examination on Friday, October 27.
 
 
 4
 Goggin began experiencing fever, chills, sweating, swelling in his ankle and increased pain. He then visited at least one prison PA,[1] who, Goggin contends, refused to let Goggin see the prison physician.[2] The United States concedes "that the medical care Goggin received from the ... P.A.'s ... did not meet the required standard of care." By Saturday, October 28, other inmates were bringing food to Goggin, prison officials allowed him to stay in his bed, and he was experiencing increased pain in his ankle. On Sunday, October 29, he was incoherent, had a fever of 103.4 degrees, and his ankle was so swollen that the skin split when touched. A prison PA examined Goggin, a physician was summoned, and Goggin was sent to a hospital.[3] At the hospital, he was diagnosed with staphylococcus infection, that originated from dormant bacteria in his previously injured bone. Three surgical debridements were performed, and other debridements in whirlpool baths with Betadine or Clorox were performed twice daily. The surgical debridements were performed under anesthetic. Goggin testified that he experienced profound pain during the whirlpool baths, even though he was given strong pain medications. He remained in the hospital for fifty-two days. As a result of these problems, his ankle became stiffer than before and cannot be moved up, down, left, or right. He retains some movement in his toes.
 
 
 5
 Goggin brought this case under the FTCA, 28 U.S.C. §§ 2671-2681, alleging injuries as the result of medical malpractice and seeking $1,000,000.00. The district court awarded Goggin $55,000 general damages, finding that his claims of lost earning capacity were too speculative.[4] It denied Goggin's motion to alter or amend the judgment.[5]
 
 II.
 
 6
 The district court's damages award is based on questions of fact reviewed for clear error. FED.R.CIV.P. 52(a); Meyers v. Cincinnati, 14 F.3d 1115, 1119 (6th Cir.1994) (citing Neyer v. United States, 845 F.2d 641 (6th Cir.1988)). A finding of fact is clearly erroneous when "grossly excessive," id.; when it is the result of a mistake, Leila Hosp. and Health Ctr. v. Xonics Medical Sys., Inc. 948 F.2d 271, 278 (6th Cir.1991) (citing Neyer, 845 F.2d at 644); or when " 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 7
 The district court stated that it awarded damages for "bodily injury, pain, suffering, medical and other related expenses, loss of earning capacity, permanent disability and loss of enjoyment of life." Goggin concedes that "this statement accurately reflects the current state of Tennessee law relative to the proper assessment of damages," but contends that the district court failed to properly consider those factors.[6] The district court opinion summarizes a lengthy trial record. Goggin argues very little in the way of substantive challenge and contends generally that, in light of the evidence, the damages awarded were insufficient.[7]
 
 
 8
 The district court found the United States responsible for the pain Goggin incurred at the prison, prior to his hospitalization. The United States presented expert testimony challenging the alleged extent of Goggin's pain. As to disability, the United States presented evidence that Goggin's ankle was badly injured before the incidents giving rise to this case and expert testimony that indicated that the delayed diagnosis of Goggin's infection caused no additional permanent impairment. The district court noted, however, that it based its award on the fact that Goggin would be "precluded from enjoying many physical activities." The evidence does not indicate that Goggin is completely precluded from engaging in physical activity, as Goggin contends. Significant in this regard, the United States introduced evidence that Goggin would not be precluded from flying planes, Goggin's favorite hobby.[8]
 
 
 9
 Goggin contends that the district court committed clear error by holding that his loss of future earnings was too speculative to be awarded. The United States presented expert testimony by those familiar with the air show industry which indicated that Goggin would likely not be successful in that industry.[9] He had never made money in that industry but presented evidence that pilots who had won the same awards as he had success in the industry. His assertions in this regard were purely speculative and thus properly rejected as a basis for damages by the district court.
 
 
 10
 Relying on Thompson v. National R.R. Passenger Corp., 621 F.2d 814 (6th Cir.), cert. denied, 449 U.S. 1035 (1980), Goggin contends that the district court failed to allocate the amounts for damages for intangible personal damages. There was no evidence of his future medical expenses, and the district court discussed every element of damages for which Goggin presented proof. He was required to present evidence "enabling the triers of fact to make a fair and reasonable assessment of damages." Airline Constr., Inc. v. Barr, 807 S.W.2d 247, 274 (Tenn.App.1990). In Thompson, this court stopped short of requiring itemized damage awards and held that "this Court cannot say the District Court erred in either itemizing the award or the categories it chose to use." 621 F.2d at 825. The district court committed no error.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio
 
 
 [1]
 The United States contends that Goggin visited two PAs. Goggin contends that he visited only one
 
 
 [2]
 Goggin contends that this visit was on Thursday, October 26. The United States contends that this visit was on Friday, October 27. The district court found that Goggin's testimony was "generally credible [and] confirmed Goggin's version of the series of events between October 22 ... and October 29."
 
 
 [3]
 Goggin was not referred to the available prison physician until this time
 
 
 [4]
 The district court awarded no special damages
 
 
 [5]
 On appeal, Goggin contends that the district court did not rule on that motion. Because the district court denied the motion, Goggin's arguments that the award of damages was a typographical error necessarily fail
 
 
 [6]
 The liability of the United States under the FTCA is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)
 
 
 [7]
 Goggin presents an explication of several cases (none binding on this court) in which plaintiffs with similar injuries were awarded greater damages. Those cases, because of factual distinctions, do not convince this court "that a mistake has been committed." Anderson, 470 U.S. at 573
 
 
 [8]
 The United States introduced evidence that those with much worse injuries to the lower extremities and those without lower extremities (amputees) fly planes successfully
 
 
 [9]
 Goggin contends that, as a rehabilitated drug-crime offender, he would be an appealing candidate for air shows with an anti-drug theme. The evidence indicated that many air shows have such themes. The United States presented testimony that air shows are not and would not be interested in pilots with prior drug-related convictions. The district court committed no error in finding in accordance with the opinion of the expert testimony presented by the United States